**NORTHERN BOILER COMPANY, Plaintiff-Appellant, v. DAVID et, Defendant-Appellees.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 22359.   Decided October 29, 1951.

Davis & Young, J. J. Corrigan, Cleveland, for plaintiff-appellant.

Robt. J. Selzer, Asst. Law Director, Cleveland, for defendant-appellee.

(PHILLIPS, J, of the 7th District sitting by designation in place of HURD, J, of the 8th District.)

## OPINION

By SKEEL, PJ:

This appeal comes to this Court on questions of law from a final judgment entered by the Common Pleas Court of Cuyahoga County.   The plaintiff filed its petition seeking a mandatory injunction directing the City of Cleveland to issue a permit to cut the curb in front of its property located on West 88th Street in the City of Cleveland.

The petition alleges the following facts:—that the plaintiff owns a parcel of land, one on the west side of West 88th Street and one on Silverton Avenue in the City of Cleveland, both of which parcels are zoned for industrial purposes and that

the plaintiff has operated an industrial business on the Silverton property for more than twenty-five years.

The petition further alleges that the plaintiff is presently building an addition to its plant on Silverton Avenue; that this property on West 88th Street is now being used to store building materials for the new addition; that there is no means of ingress or egress to its West 88th Street property, which has a frontage of about 200 feet on said street and that unless leave is granted to construct a driveway it will be impossible to remove its materials for use in the addition to its plant now under construction; that application was made to the Commissioner of Streets as provided by ordinance, and that notice of such application was served on the Councilman of the Ward in which such property is located and that such Councilman has objected to granting said permit so that the permit has been held up by the City of Cleveland.

That Section 135-2 of the Municipal Ordinance of the City of Cleveland provides:

"Except as to residential property, no permit shall be granted by the Director of Public Service to cut the curb within any ward of the city unless and until written notice of the application for such permit has been given to the member of council from such ward. If, within ten days after receipt of such notice, such member of council shall notify said director in writing of his objection to the issuance of such permit, such permit shall not be issued except pursuant to resolution of council; otherwise such permit may be issued any time after the expiration of ten days following the said required notice to the member of council."

The petition then alleges that the said ordinance is unconstitutional.

The Common Pleas Court sustained a demurrer filed by the appellee, for the reason that the plaintiff had failed to allege that the City Council had refused to grant such permit by resolution or that application had been made therefor. In other words, it was held that until the plaintiff had exhausted his remedies by attempting to seek, and by being refused, relief from council, as provided for by the ordinance, the question of whether or not some part of the ordinance invaded his constitutional rights cannot be given consideration.

The rule as thus stated does not apply under the facts in this case. The right to ingress or egress from private property to the public highway upon which it abuts is a valuable right and can only be limited when necessary to guard the public health, morals or safety. The ordinance under consideration fails to define the circumstances upon which such

right to ingress or egress should be limited or completely withheld. It simply places it within the power of an elected legislative officer to arbitrarily decide when a permit to break the curb will be issued.

37 American Jurisprudence, p. 667, parag. 53, provides in part:

"Delegation of Powers: A municipal council cannot delegate to one of its own committee or to any other municipal officer, the power to decide upon legislative matters properly resting in the judgment and discretion of the council, or, as held by some authorities, to one member of such governing body. Thus, when the exercise of discretion is involved, a municipal council cannot delegate the power of enacting police regulations, of issuing licenses, of enacting and enforcing building regulations, of determining what public improvements shall be undertaken and the character and extent of such improvements, of the approving of certain acts, of selling municipal bonds, of purchasing fire equipment, of entering into contracts generally, or of levying a tax."

Also, on page 778, paragraph 160, we find the following:

"In accordance with settled principles that no American legislative body can constitutionally and validly delegate to administrative officers an exercise of discretionary powers which is arbitrary, it is established that any municipal ordinance which vests an arbitrary discretion in public administrative officials with reference to the rights, property, or business of individuals, without prescribing a uniform rule of action, making the enjoyment of such rights depend upon arbitrary choice of officers without reference to all persons of the class to which the ordinance is intended to be applicable, and without furnishing any definite standard for the control of the officers, is unconstitutional, void and beyond the powers of a municipality * * *."

The claims that the constitutionality of the ordinance is saved because it provides for an appeal to the council, and that the plaintiff is without remedy until such appeal is taken, cannot be supported. There is no appeal provided by the ordinance. In case an application to the Director of Public Service and notice to the Councilman, results in the latter filing an objection preventing the granting of the request, no procedure is provided whereby the matter is referred to the council for action, and whatever is done thereafter must be the result of following out procedures in attempting to secure the passage of a resolution by the council as an original matter.

There is no doubt but that the council of a municipal corporation is authorized by §3714 GC to regulate the streets and

highways of such municipal corporation. But in exercising that right they cannot act in an arbitrary manner. So, in delegating the right to grant or effectively prevent a property owner to cut the curb as a necessary step in constructing a driveway to provide ingress and egress to a public highway from such abutting property, the rule or policy in determining the basis on which such permit will be granted or withheld, must be determined by the Council. Such a matter is legislative in character. The ordinance under consideration as above indicated, fails to provide such legislative policy and in delegating the right to one of its members to prevent a property owner from cutting the curb, so that ingress or egress may be provided from his property to the public thoroughfare upon which it abuts, for whatever reasons he deems sufficient, without spelling out the legislative policy with regard thereto, constitutes the delegation of legislative authority to such councilman, and such ordinance is, for that reason, unconstitutional and void and of no legal effect.

12 Amer. Law Rep. 1435; 54 Amer. Law Rep. 1104; 92 Amer. Law Rep. 400, parag. 2 at page 401.

For the foregoing reasons, the judgment of the Common Pleas Court is reversed and the cause is remanded with instructions to overrule the demurrer and for further proceedings according to law. Exceptions. Order see journal.

THOMPSON, J, concurs.
PHILLIPS, J, dissents.